UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-23210-CIV-Moore/Simonton

FISK ELECTRIC COMPANY,

       Plaintiff,

v.

TRAVELERS CAUSALTY AND SURETY
COMPANY,

and

AMERICAN HOME ASSURANCE COMPANY

and

FIDELITY AND DEPOSIT COMPANY OF
MARYLAND

       Defendants.
_____/

**DEFENDANT, TRAVELERS CASUALTY AND SURETY COMPANY'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO DISMISS OR STRIKE
COUNT III AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f)(2), Defendant Travelers

Casualty and Surety Company ("Travelers") files this Motion to Dismiss Plaintiff's Complaint

and Motion to Dismiss or Strike Count III, and Incorporated Memorandum of Law, and states:

1.      On Plaintiff, Fisk Electric Company ("Fisk") filed its Complaint in this action

against Travelers, American Home Assurance Company ("American") and Fidelity and Deposit

Company of Maryland ("Fidelity") in four (4) counts, with jurisdiction based on diversity and

the amount in controversy. (Complaint ¶ 6).

2.	Counts I and III of the Complaint are against Travelers.  Count I is entitled a "Claim Against the Kiewit Payment Bond for Breach of Contract Against Travelers" and Count III is entitled a "Claim Against the Kiewit Payment Bond for Cardinal Change/Contract Abandonment Against Travelers."  (Complaint ¶¶ 37-44, 49-59).

3.	In Counts I and III, Fisk alleges that Travelers' principal, Kiewit, breached the Kiewit/Fisk Subcontract and that as Kiewit's Payment Bond surety, Travelers, is responsible for damages that Fisk incurred.

4.	Fisk alleges that, among other things, it incurred damages caused by delays to the Project.  (Complaint ¶¶ 38, 51).  Fisk fails to state a claim upon which relief can be granted against Travelers as Fisk improperly alleges delay damages as plead in the Complaint.

5.	Fisk attaches the Kiewit Payment Bond issued by Travelers to the Complaint as Exhibit "2" as the basis for its Complaint.  (See Complaint Ex. 2).  Kiewit's Payment Bond does not provide for a claimant to recover for damages caused by delay, and case precedent bars such claim[1].

6.	Additionally, Fisk's allegations in Count III of the Complaint are redundant and duplicative of its allegations in Count I.  Such redundancy requires dismissal of Count III.  Count III is a claim against the Kiewit Payment Bond for delay damages, among other things, arising out of alleged breach of Contract by Kiewit, as is Count I.   Fisk alleges in Count III that it is pleading "in the alternative," and alleges in Count III that Fisk's work was "altered, so as to constitute a cardinal change well beyond the scope of the written contract, or in the alternative,

---

[1] Fisk asserts that Kiewit's Payment Bond is a common law payment bond.  To the extent that the bond is not mandated by Fla. Stat. §255.05 and Florida law, this allegation is true.  However, the determination that a bond is a "common law bond" does not mean that the terms of the payment bond itself do not control.  Labeling a bond a "common law bond" or determining that a bond is not in compliance with Fla. Stat. §255.05 merely acts to prevent a surety from using statutory time limitations against a claimant to the extent the bond's deficiencies prejudiced the claimant from meeting those limitations.  *See American Home Assurance Company v. Plaza Materials Corporation*, 908 So.2d 360 (Fla. 2005).

an abandonment of the original contract." (Complaint ¶¶ 50, 53). This is simply a breach of contract stated a different way, already plead in Count I.

7.       While Fisk may be attempting to demonstrate a cause of action against Kiewit, Count III simply reasserts what Fisk has already alleged in Count I, i.e., that Fisk believes it is entitled to compensation from Travelers because Kiewit allegedly breached a contract with Fisk. Count III should be dismissed for failing to state a cause of action or stricken based on the duplication of the cause of action alleged in Count I.

WHEREFORE, Defendant, Travelers Casualty and Surety Company, requests that this Court dismiss the Complaint filed by Plaintiff, Fisk Electric Company, and dismiss or strike Count III by itself, and grant such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

Courts dismiss a claim if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle it to relief. *Friedman v. South Carolina Ins. Co.*, 855 F.Supp. 348, 350 (M.D. Fla. 1994) citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Specifically, to survive a 12(b)(6) motion to dismiss for failure to state a claim, the Complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Simoes v. Wintermere Pointe Homeowners Assoc., Inc.,* 2008 WL 4790720 (M.D. Fla. 2008). In addition, exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion. *Jordan v. Miami-Dade County*, 439 F.Supp.2d 1237, 1240 (S.D. Fla. 2006) citing *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). Furthermore, if an exhibit facially negates the cause of action asserted, the document attached as an exhibit controls and must be considered in determining a motion to dismiss. *Fladell v. Palm Beach County Canvassing Board*, 772 So.2d 1240, 1242 (Fla. 2000).

Fisk fails to allege any facts in the Complaint that would entitle it to relief against Travelers.  Fisk alleges that "Kiewit as principal, and Travelers, as surety, executed and delivered their common law Payment Bond…for the project…" and that Fisk is entitled to a claim against the Kiewit Payment Bond for damages caused by delay. (Complaint ¶¶ 27, 28, 29, 30, 37-44, 49-59).  Specifically, in Counts I and III of the Complaint, Fisk alleges that:

> Fisk's installation work on the H-J Project was severally impacted by *late, piecemeal availability of work areas, late completion of precedent construction activities by others, the late availability of permanent power*, and most importantly, design errors and omissions, as well as, *untimely* and inadequate responses to RFIs. (e.s.).

(Complaint ¶ 27).

In addition, Fisk alleges in Counts I and III that:

> Due to the disrupted, out-of-sequence, piecemeal performance, Fisk was required to perform in a radically different adversely impacted manner, which substantially increased its out-of-pocket costs for labor, labor benefits, in-site supervision, on-site project management, construction support equipment, and other on-site general conditions.

(Complaint ¶ 30).

In Counts I and III of the Complaint, Fisk is seeking delay damages based on the factual assertions. However, pursuant to the terms of the Kiewit Payment Bond, Fisk is not entitled to bring an action against Travelers for damages caused by delay.

The Kiewit Payment Bond contains the following terms:

> "THE CONDITION OF THIS BOND is that if Principal:  1. Promptly makes payments to all claimants as defined in Section 255.05(1), Florida Statutes, supplying Principal with **labor, material, or supplies used directly or indirectly by Principal in the prosecution of the work provided in the Trade Contract** which is made apart of this bond by reference…".  (e.s.)[2].

---

[2] The reference to Fla. Stat. §255.05(1) in the payment bond is for purposes of defining a "claimant."

Parties executing a payment bond may contract for broader provisions to allow for more extensive damages, and the surety is bound by the terms of its bond. *Travelers Indemnity Co. v. Hous. Auth. of the City of Miami*, 256 So.2d 230 (Fla. 3rd DCA 1972) (bond terms broad enough to cover delay damages).

In *Travelers Indemnity Co. v.  Hous. Auth. of the City of Miami*, the Third District Court of Appeal dealt with a payment bond procured pursuant to Fla. Stat. §255.05, but which bond contained very broad language that allowed coverage for "all costs, expenses, damages, injury or loss. . ." *Id.* at 234.  The Court held that the terms of the payment bond were broad enough to encompass delay damages. *Id.*   As shown in the terms of the bond above, the language of Kiewit's Payment Bond is not broad enough to encompass delay damages, and is limited to "labor, material, or supplies used directly or indirectly by Principal. . ."

The attached Kiewit Payment Bond is inconsistent with the allegations alleged by Fisk in Counts I and III because the language of the Payment Bond is limited to certain damages that can be recovered by a claimant.  Delay damages do not fall into the coverage of the Payment Bond as stated above.  For purposes of determining dismissal, the attached Kiewit Payment Bond controls over the Fisk allegations.  *See Fladell*, 772 So.2d 1240.

Additionally, Count III should be dismissed or stricken from the Complaint on the basis that Count III is redundant and immaterial.  Count III is not a properly plead separate cause of action that is separate and apart from Count I of the Complaint.  As such, Count III should be dismissed.  Moreover, pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading, any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Count III of the Complaint is an attempt by Fisk to merely restate what was already alleged in Count I.  In Count I of the Complaint Fisk alleges that:

> Fisk submitted Requests for Equitable Adjustment ("REAs") to Kiewit for the aforementioned out-of-pocket, increased costs for labor, materials, and equipment for the additional temporary lighting on the airside operations in order to accommodate the radical change from the originally agreed upon schedule and its increased out-of-pocket costs for labor, labor benefits, on-site supervision, on-site project management, construction support equipment , and other on-site general conditions caused by the radically difference adversely impacted manner which Fiske was forced to perform.

(Complaint ¶ 38). Fisk further alleges in Count I that Kiewit breached the Subcontract "by failing to fully certify the REA to POJV and Miami-Dade, by failing to issue a change order for the REA and by failing to pay Fisk the amounts due." (Complaint ¶ 39). In Count III Fisk essentially realleges the same cause of action for breach of contract as stated in Count I by alleging that:

> Fisk faced uncontemplated, adverse working conditions and radically different, piecemeal, unplanned performance in lieu of performing the work in an orderly sequence according to updated and adequate schedules that were caused by the cumulative effect of unprecedented design changes…that severely disrupted the performance of its electrical and other systems work.

(Complaint ¶ 51). Fisk further alleges in Count III that:

> Due to the impacted, radically changed, piecemeal-type performance and the unforeseeable adverse working conditions, Fisk's work, as performed, was fundamentally and radically difference from the scope of the work contemplated or bargained for by the parties before entering into the original, written Subcontract.

(Complaint ¶ 52). No new and different cause of action against Travelers is alleged. Count III of the Complaint is redundant and immaterial because it essentially restates the breach of contract allegation that is stated in Count I.

6

The determination of what constitutes "redundant, immaterial, impertinent, or scandalous" under 12(f) is an issue left to the discretion of the trial court. *Zdenek v. Sch. Bd. Broward County*, 2007 WL 4521489 (S.D. Fla. 2007).

## Conclusion

The allegations in the Complaint at issue demonstrate conclusively that the Plaintiff, Fisk Electric Company, has not stated a cause of action to recover delay damages from Travelers under the bond.  Separately, and additionally, Count III of the Complaint is a mere restatement of the allegations of Count I and should be stricken.

The allegations of the Complaint mandate dismissal of the action or the dismissal or striking of Count III.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2008, I electronically filed this document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served on this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF: Herman M. Braude, Esquire, Braude & Margulies, P.C., 1200 Potomac St., N.W., Washington, DC, 20007.

Dated this 23rd day of December, 2008.         Respectfully submitted,
Fort Lauderdale, Florida.

   s/Joseph W. Lawrence, II       
Joseph W. Lawrence, II
Florida Bar No. 211303
E-mail: JLawrence@vlplaw.com
**Vezina, Lawrence & Piscitelli, P.A.**
The Museum Building
300 SW First Avenue, Suite 150
Fort Lauderdale, Florida  33301
Telephone:  954.728.1270
Telecopier:  954.728.1271
Attorneys for Travelers Casualty and Surety
Company