UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-23210-CIV-Moore/Simonton

FISK ELECTRIC COMPANY,

       Plaintiff,

v.

TRAVELERS CAUSALTY AND SURETY COMPANY,

and

AMERICAN HOME ASSURANCE COMPANY

and

FIDELITY AND DEPOSIT COMPANY OF MARYLAND

       Defendants.
_____/

## DEFENDANT, TRAVELERS CASUALTY AND SURETY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Travelers Casualty and Surety Company ("Travelers") files this, its Answer and Affirmative Defenses to Plaintiff, Fisk Electric Company's ("Fisk") Complaint and states:

### The Parties

1.    In response to paragraph number 1, Defendant Travelers is without knowledge as to the corporate status of Fisk and demands strict proof thereof. Defendant Travelers admits that Fisk was an electrical subcontractor to Kiewit Southern Co., f/k/a Gilbert Southern Corp. ("Kiewit") concerning the construction of the Miami International Airport H-J Utility and Pavement Project ("H-J Project"). Further, Kiewit denies that it was a contractor to Parsons-Odebrecht Joint Venture ("POJV"); Kiewit was a subcontractor hired by POJV. POJV was the

contractor hired by Miami-Dade County for the H-J Project.

2. In response to paragraph number 2, Defendant Travelers admits the allegations of the paragraph.

3. In response to paragraph number 3, Defendant Travelers is without knowledge as to the allegations of the paragraph and requires strict proof thereof.

4. In response to paragraph number 4, Defendant Travelers is without knowledge as to the allegations of the paragraph and requires strict proof thereof.

5. In response to paragraph number 5, Defendant Travelers admits that it is a surety authorized, licensed, and admitted to do business under the laws of the State of Florida; however, Defendant Travelers is without knowledge as to the remaining allegations of the paragraph and demands strict proof thereof.

## Jurisdiction and Venue

6. In response to paragraph number 6, Defendant Travelers admits the allegations of the paragraph for jurisdictional purposes only; otherwise, the allegations of the paragraph are denied.

7. In response to paragraph number 7, Defendant Travelers admits the allegations of the paragraph for purposes of venue only; otherwise, the allegations of the paragraph are denied.

## Facts Common To All Counts

8. In response to paragraph number 8, Defendant Travelers admits the allegations of the paragraph.

9. In response to paragraph number 9, Defendant Travelers admits the allegations of

the paragraph.

10. In response to paragraph number 10, Defendant Travelers admits that POJV was the contractor hired by Miami-Dade County; otherwise, the allegations of the paragraph are denied.

11. In response to paragraph number 11, Defendant Travelers admits the scope of work for the H-J Project is contained in the contract documents and the contract documents speak for themselves; otherwise, the allegations are denied.

12. In response to paragraph number 12, Defendant Travelers denies the allegations of the paragraph. Kiewit entered into a Trade Contract as a subcontractor to POJV.

13. In response to paragraph number 13, Defendant Travelers admits that Exhibit "1," speaks for itself; otherwise, Defendant Travelers denies the allegations of the paragraph.

14. In response to paragraph number 14, Defendant Travelers admits the allegations of the paragraph.

15. In response to paragraph number 15, Defendant Travelers is without knowledge of the allegations of the paragraph and requires strict proof thereof.

16. In response to paragraph number 16, Defendant Travelers denies the allegations of the paragraph.

17. In response to paragraph number 17, Defendant Travelers denies the allegations of the paragraph.

18. In response to paragraph number 18, Defendant Travelers is without knowledge as to the allegations of the paragraph and demands strict proof thereof.

19. In response to paragraph number 19, Defendant Travelers is without knowledge as to the allegations of the paragraph and demands strict proof thereof.

20. In response to paragraph number 20, Defendant Travelers is without knowledge as to the allegations of the paragraph and demands strict proof thereof.

21. In response to paragraph number 21, Defendant Travelers is without knowledge as to the allegations of the paragraph, and requires strict proof thereof.

22. In response to paragraph number 22, Defendant Travelers denies the allegations of the paragraph.

23. In response to paragraph number 23, Defendant Travelers denies the allegations of the paragraph.

24. In response to paragraph number 24, Defendant Travelers is without knowledge as to the allegations of the paragraph and demands strict proof thereof.

25. In response to paragraph number 25, Defendant Travelers denies the allegations of the paragraph.

26. In response to paragraph number 26, Defendant Travelers denies the allegations of the paragraph.

27. In response to paragraph number 27, Defendant Travelers denies the allegations of the paragraph.

28. In response to paragraph number 28, Defendant Travelers denies the allegations of the paragraph..

29. In response to paragraph number 29, Defendant Travelers denies the allegations of the paragraph.

30. In response to paragraph number 30, Defendant Travelers denies the allegations of the paragraph.

31. In response to paragraph number 31, Defendant Travelers denies the allegations of the paragraph.

32. In response to paragraph number 32, Defendant Travelers denies the allegations of the paragraph.

33. In response to paragraph number 33, Defendant Travelers denies the allegations of the paragraph.

34. In response to paragraph number 34, Defendant Travelers denies the allegations of the paragraph.

35. In response to paragraph number 35, Defendant Travelers is without knowledge as to the allegations of the paragraph and demands strict proof thereof.

36. In response to paragraph number 36, Defendant Travelers is without knowledge as to the attorney hired by Fisk; otherwise, the allegations of the paragraph are denied.

### Count I-Claim Against The Kiewit Payment Bond For Breach Of Contract (Against Travelers)

37. In response to paragraph number 37, Defendant Travelers reasserts and realleges its responses to paragraphs 1 through 36.

38. In response to paragraph number 38, Defendant Travelers denies the allegations of the paragraph.

39. In response to paragraph number 39, Defendant Travelers denies the allegations of the paragraph.

40. In response to paragraph number 40, Defendant Travelers denies the allegations of the paragraph.

41. In response to paragraph number 41, Defendant Travelers denies the allegations of the paragraph.

42. In response to paragraph number 42, Defendant Travelers denies the allegations of the paragraph.

43. In response to paragraph number 43, Defendant Travelers denies the allegations of the paragraph.

44. In response to paragraph number 44, Defendant Travelers denies the allegations of the paragraph.

### Count II-Claim Against The POJV Payment Bond For Breach Of Contract
### (Against American Home and Fidelity)

45. In response to paragraph number 45, Defendant Travelers reasserts and realleges its responses to paragraphs 1 through 36 and 38 through 41.

46-48. In response to paragraph numbers 46 through 48, Defendant Travelers is without sufficient knowledge to admit or deny the truth of the allegations, and requires strict proof thereof. These allegations do not pertain to nor do they seek relief against Travelers. No response is appropriate, necessary or required.

### Count III-Claim Against The Kiewit Payment Bond For
### Cardinal Change/Contract Abandonment
### (Against Travelers)

49. In response to paragraph number 49, Defendant Travelers reasserts and realleges its responses to paragraphs 1 through 36.

50. In response to paragraph number 50, Defendant Travelers denies the legal allegation, it is pleading in the alternative.

51. In response to paragraph number 51, Defendant Travelers denies the allegations of the paragraph.

52. In response to paragraph number 52, Defendant Travelers denies the allegations of the paragraph.

53. In response to paragraph number 53, Defendant Travelers denies the allegations of the paragraph.

54. In response to paragraph number 54, Defendant Travelers denies the allegations of the paragraph.

55. In response to paragraph number 55, Defendant Travelers denies the allegations of the paragraph.

56. In response to paragraph number 56, Defendant Travelers denies the allegations of the paragraph.

57. In response to paragraph number 57, Defendant Travelers denies the allegations of the paragraph.

58. In response to paragraph number 58, Defendant Travelers denies the allegations of the paragraph.

59. In response to paragraph number 59, Defendant Travelers denies the allegations of the paragraph.

### Count IV-Claim Against The POJV Payment Bond For Cardinal Change/Contract Abandonment (Against American Home And Fidelity)

60. In response to paragraph number 60, Defendant Travelers reasserts and realleges its responses to paragraphs 1 through 36 and 51 through 56.

61-64. In response to paragraph numbers 61 through 64, Defendant Travelers is without sufficient knowledge to admit or deny the truth of the allegations, and requires strict proof thereof. These allegations do not pertain to nor do they seek relief against Travelers. No response is appropriate, necessary or required.

## Jury Demand

65.    In response to Paragraph number 65, Defendant Travelers demands a jury trial on those matters so triable.

66.    All allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

1.    Fisk is barred from bringing this action against Travelers due to Fisk's actions, inactions and precedent breaches of the Sub-subcontract with Kiewit. Among other things, Fisk failed to provide timely written notices for claims for additional compensation, time extensions and any other relief, and Fisk did not properly document its claims in accordance with contractual requirements, did not make required written requests, did not receive required authorizations, did not submit claims in compliance with contractual requirements, as are required by the terms and conditions of the Sub-subcontract with Kiewit, the Trade Contract between Kiewit and POJV, and the Prime Contract between POJV and Miami-Dade County for the H-J Project. The terms of the Trade Contract are incorporated into the Sub-subcontract. The terms of the Prime Contract between Miami-Dade County and POJV are incorporated into the Trade Contract. Kiewit and Travelers were prejudiced thereby. Additionally, Fisk is barred from bringing an action flowing from the Sub-subcontract as Fisk has failed to provide timely written notice of claims for additional compensation, time extensions and any other relief, and Fisk did not properly document its claims in accordance with contractual requirements, did not make required written requests, did not receive required authorizations, did not submit claims in compliance with contractual requirements, as are required by the terms and conditions of the Sub-subcontract with Kiewit, the Trade Contract between Kiewit and POJV, and the Prime

Contract between POJV and Miami-Dade County for the H-J Project that are incorporated therein.

2. Fisk, through its actions and inactions, including but not limited to, Fisk's failure to provide timely written notice of claims for additional compensation, time extensions and any other relief, and Fisk did not properly document its claims in accordance with contractual requirements, did not make required written requests, did not receive required authorizations, did not submit claims in compliance with contractual requirements as mandated by the terms and conditions of the Sub-Subcontract with Kiewit, the Trade Contract between Kiewit and POJV, and the Prime Contract between Miami-Dade County and POJV that are incorporated therein, has waived its rights it had, if any, to bring an action against Travelers.

3. Fisk is not entitled to the relief sought in the Complaint as Fisk failed to mitigate its damages by failing to provide timely written notice of claims for additional compensation, time extensions and any other relief, and Fisk did not properly document its claims in accordance with contractual requirements, did not make required written requests, did not receive required authorizations, did not submit claims in compliance with contractual requirements as are required by the terms and conditions of the Sub-Subcontract with Kiewit, the Trade Contract between Kiewit and POJV, and the Prime Contract between Miami-Dade County and POJV that are incorporated therein.

4. Due to Fisk's actions and inactions, including but not limited to, failing to provide timely written notice of claims for additional compensation, time extensions or any other relief, and Fisk did not properly document its claims in accordance with contractual requirements, did not make required written requests, did not receive required authorizations, did not submit claims in compliance with contractual requirements as is required by the terms and conditions of the

Sub-Subcontract with Kiewit, the Trade Contract between Kiewit and POJV, and the Prime Contract between Miami-Dade County and POJV that are incorporated therein, Fisk is legally and equitably estopped from asserting its claims against Travelers.

5. Travelers' obligations, if any, are limited by the penal sum and the language of the Subcontractor's Payment Bond. Travelers has no obligation to pay for delays or other consequential damages.

6. Travelers is entitled to all defenses allowable to its principal (Kiewit).

7. Pursuant to the terms of the Sub-Subcontract with Kiewit, Trade Contract between Kiewit and POJV, and the Prime Contract between POJV and Miami-Dade, written notice and proper documentation are absolute conditions precedent to bring claims for additional compensation, time extensions or any other relief. To the extent that POJV has not paid Kiewit for the work performed by Fisk, payment to Fisk is premature.

8. To the extent Fisk's claim relates to goods or services not actually provided to and incorporated in the project, they are not the responsibility of the payment bond surety (Travelers).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2009, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on the following counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF: Herman M. Braude, Esquire, Braude & Margulies, P.C., 1200 Potomac St., N.W., Washington, DC, 20007.

Dated this 2nd day of February, 2009.  Respectfully submitted,
Fort Lauderdale, Florida.

                                                **s/Joseph W. Lawrence, II**
Joseph W. Lawrence, II
Florida Bar No. 211303
E-mail: JLawrence@vlplaw.com
**Vezina, Lawrence & Piscitelli, P.A.**
The Museum Building
300 SW First Avenue, Suite 150
Fort Lauderdale, Florida 33301
Telephone: 954.728.1270
Telecopier: 954.728.1271
Attorneys for Travelers Casualty and Surety Company